LEROY STEPHENS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On the trial of an indictment for an offense not capital a verdict of guilty is not illegal because it contains a recommendation of the defendant to mercy.
2. Nor is such a verdict a cause for a new trial unless it appear that the jury may have been misled by the charge of the court on that point.

Criminal law. Verdict. Recommendation to mercy. Before Judge BUCHANAN. Coweta Superior Court. September Term, 1873.

Stephens was placed on trial for the offense of bestiality, alleged to have been committed on September 2d, 1873. The defendant pleaded not guilty. The jury found him guilty, and recommended him to the mercy of the court. A motion for a new trial was made because the verdict was illegal. The charge of the court does not appear. The motion was overruled, and defendant excepted.

P. F. SMITH, by W. F. WRIGHT, for plaintiff in error.

A. H. COX, solicitor general, for the state.

TRIPPE, Judge.

1. In the case of *Wair vs. The State,* decided at the present term, it was held that in a murder case a verdict of guilty which was not founded on circumstantial testimony, was not vitiated by a recommendation to mercy. In such cases the judgment is fixed by law—it is absolute and not within the power of the jury by any recommendation, or within the discretion of the court, to change it. So it is in this case. Upon the rendition of a verdict of guilty, the power of the jury ceased, and there was no discretion in the court, not even a margin wherein he could grade the term of imprisonment. We do not mean by this to say that such a recommendation, in cases where there is a minimum and maximum period to

the time of imprisonment to be fixed by the discretion of the court, would vitiate a verdict. It would be difficult, if not impossible, to give a good reason why the verdict should be set aside on this account. It has been held in several cases of capital offenses which were not murder that a jury has the right to recommend in the verdict a commutation from the death penalty to imprisonment for life; and that it would be binding on the court whether the verdict was upon circumstantial testimony or not: See *Stallings vs. The State*, 47 *Georgia*, 572; *Johnson vs. The State*, 48 *Ibid.*, 116; *West, alias Johns, vs. The State*, 49 *Ibid.*, 451. In those cases it was also held that a verdict of guilty, *with a recommendation to mercy*, was an illegal verdict. The reasons for so holding in cases where the jury has such a power, the power to direct the commutation, do not apply to one like this. The case first referred to decides the principle on which this judgment rests, and controls this case.

2. Had there been any charge of the court on this point of a character to mislead the jury, the case might have been different. But there is no complaint of this kind.

Judgment affirmed.